IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN REISS and ) | |
| SHAWN REISS, ) | |
|    ) | |
|    Plaintiffs, ) | |
|    ) | |
| vs. ) | No.    3:18-cv-183 |
|    ) | |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA, a CIGNA Company, QUEST ) | |
| DIAGNOSTICS, INC., and EMMITT TINER, ) | |
|    ) | |
|    Defendants. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT EMMITT TINER'S MOTION TO DISMISS COMPLAINT**

Now comes Defendant, Emmitt Tiner, by and through his attorney P.K. Johnson, V, and for his Memorandum in Support of his Motion to Dismiss Plaintiffs' Complaint to Recover Proceeds of Life Insurance Policy, states as follows:

**FACTS**

On or about January 4, 2018, Plaintiffs, Ryan Reiss and Shawn Reiss, filed a Three-Count Complaint to Recover Proceeds of Life Insurance Policy in the Circuit Court of the Fourth Judicial Circuit, Effingham County, Illinois, in Case Number 18 CH 2.  In their Complaint, Plaintiffs allege that Brenda Sue Reiss was an employee of Quest Diagnostics, Inc. ("Quest") and insured under a group term life insurance policy (the "Policy") issued by Defendant Life Insurance Company of North America ("LINA"), that Brenda Sue Reiss is now deceased, and that her death has triggered the payment of her life insurance benefit.

In Count I of their Complaint, based in breach of contract, Plaintiffs allege that the "2016 Enrollment Change Form" submitted by Brenda Sue Reiss to Quest on October 3, 2016, in which she named Emmitt Tiner as the beneficiary of the Policy, does not comply with the terms and

1

conditions set forth in the Group Life Insurance Certificate issued by LINA for the Policy and therefore is void and of no effect. As a result, it is Plaintiffs' position that they are the rightful beneficiaries of the Policy death benefits.

In Count II of their Complaint, Plaintiffs allege that at the time Brenda Sue Reiss purportedly submitted the "2016 Enrollment Change Form," she did not have the mental capacity to change her beneficiary, and therefore, the change of beneficiary is void and of no effect.

In Count III of their Complaint, Plaintiffs allege that Brenda Sue Reiss' submission of the "2016 Enrollment Change Form," in which she named Emmitt Tiner as beneficiary of the policy, was the result of undue influence by Emmitt Tiner, and therefore, the change of beneficiary is void and of no effect.

On or about February 6, 2018, Defendant Life Insurance Company of North America filed a Notice of Removal, removing the cause of action to this Court, on the grounds that the policy is part of an employment welfare benefit plan within the definition of the Employee Retirement Income Security Act of 1974 ("ERISA") and seeks the same relief that is available under Section 502 of ERISA.

On March 12, 2018, Plaintiffs and LINA filed a Joint Motion to Stay the Case pending issuance of certified death certificate. In the Joint Motion to Stay, Plaintiffs and Defendant LINA admit that, "Plaintiffs' claims relate to a group term life insurance policy that is part of an employment welfare benefit plan within the definition of the Employee Retirement Income Security Act of 1974 ("ERISA"), thus this matter was appropriately removed to Federal Court on February 6, 2018." Therefore, there is no question that this matter is governed by ERISA.

Plaintiffs attach to their complaint, as *Exhibit A,* a document that Plaintiffs admit is a "true and correct copy" of the "Group Life Insurance Certificate" for the policy at issue. The

Group Life Insurance Certificate directs that life insurance policy beneficiaries may be changed as follows:

> "**Change of Beneficiary**
> You may change your beneficiary at any time by giving written notice to the Employer or to us. The beneficiary's consent is not required for this or any other change which you may make unless your designation of beneficiary is irrevocable.
>
> No change in beneficiary will take effect until the form is received by the Employer or us. When this form is received, it will take effect as of the date of the form. If you die before the form is received, we will not be liable for any payment that was made before receipt of the form."

The Group Life Insurance Certificate does not mandate the type of "form" that is to be used to change a beneficiary. It requires only that the request be written and given to the Employer. Plaintiffs also attach to their complaint, as *Exhibit C*, a "Quest Diagnostics Incorporated 2016 Enrollment Change Form." The form bears the date of "10/3/16" and the signature "Brenda S. Reiss." At the bottom of page 3 of the document is the handwritten instruction: "Add names and percentage of insurance," under which is the handwritten response: "Emmitt Tiner 100%." Plaintiffs do not allege that Brenda S. Reiss did not complete and sign this document   Plaintiffs do not allege that this document was not submitted to Quest Diagnostics. Plaintiffs do not allege the reasons why Brenda S. Reiss's written change of beneficiary form does not comply with the terms and conditions set forth in the Group Life Insurance Certificate.

The Group Life Insurance Certificate also sets forth the procedures that Plaintiffs were required to follow in order to pursue their claim for the benefits of the life insurance policy. The Group Life Insurance Certificate provides in relevant part, as follows:

> "**WHAT YOU SHOULD DO IF YOU HAVE A CLAIM**
>
> When you are eligible to receive benefits under the Plan, you must request a claim form or obtain instructions for submitting your claim telephonically or electronically, from the

3

Plan Administrator. All claims you submit must be on the claim form or in the electronic or telephonic format provided by the Insurance Company. If these forms or instructions are not available, you must provide a written statement of proof of loss. After you have completed the claim form or written statement, you must submit it to the Plan Administrator. . . .

**. . . . APPEAL PROCEDURE FOR DENIED CLAIMS**

Whenever a claim is denied, you have the right to appeal the decision. You (or your duly authorized representative) must make a written request for appeal to the Insurance Company within 60 days . . . . from the date you receive the denial.  If you do not make this request within that time, you will have waived your right to appeal. . . ."

In its Complaint, Plaintiffs have failed to allege that they have fully complied with these requirements prior to filing their Complaint.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint shall be dismissed if this court lacks subject matter jurisdiction.  Fed.R.Civ.P 12(b)(1).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint shall be dismissed if the plaintiff has failed to allege a claim upon which relief can be granted.  Fed.R.Civ.P 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level."  *Camasta v. Joseph A. Bank Clothiers, Inc.* 761F.3d 732, (7th Cir. 2014)

## ARGUMENT

**I.  COUNT I OF PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE BRENDA SUE REISS PROPERLY CHANGED HER BENEFICIARY PURSUANT TO THE REQUIREMENTS OF THE GROUP LIFE INSURANCE CERTIFICATE.**

In Count I of their Complaint, based in breach of contract, Plaintiffs allege that the "2016 Enrollment Change Form" submitted by Brenda Sue Reiss to Quest on October 3, 2016, in which she named Emmitt Tiner as the beneficiary of the Policy, does not comply with the terms and

conditions set forth in the Group Life Insurance Certificate issued by LINA for the Policy and therefore is void and of no effect.  Plaintiffs attach copies of both the 2016 Enrollment Change Form and the Group Life Insurance Certificate to their complaint.  Rule 10(c) of the Federal Rules of Civil Procedure provides that "a copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Fed. R. Civ. P. 10(c).

The Group Life Insurance Certificate directs that life insurance policy beneficiaries may be changed as follows:

> "**Change of Beneficiary**
> You may change your beneficiary at any time by giving written notice to the Employer or to us.  The beneficiary's consent is not required for this or any other change which you may make unless your designation of beneficiary is irrevocable.
>
> No change in beneficiary will take effect until the form is received by the Employer or us.  When this form is received, it will take effect as of the date of the form.  If you die before the form is received, we will not be liable for any payment that was made before receipt of the form."

The Group Life Insurance Certificate does not mandate the type of "form" that is to be used to change a beneficiary.  It requires only that the request be written and given to the Employer.

The "Quest Diagnostics Incorporated 2016 Enrollment Change Form" attached to the complaint bears the date of "10/3/16" and the signature "Brenda S. Reiss."  At the bottom of page 3 of the document is the handwritten instruction:  "Add names and percentage of insurance," under which is the handwritten response: "Emmitt Tiner 100%."  Plaintiffs do not allege that Brenda S. Reiss did not complete and sign this document.  Plaintiffs do not allege that this document was not submitted to Quest Diagnostics.  Plaintiffs do not allege why this form does not comply with the terms and conditions set forth in the Group Life Insurance Certificate.

It is clear on its face that the "Quest Diagnostics Incorporated 2016 Enrollment Change Form" bearing the signature of Brenda Sue Reiss *does* comply with the terms and conditions set forth in the Group Life Insurance Certificate. As such, Plaintiffs have failed to state a claim for which relief can be granted, and Count I of their complaint must be dismissed, with prejudice.

**II. COUNTS I, II, AND III OF PLAINTIFFS' COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE FACTS ESTABLISHING THAT PLAINTIFFS EXHAUSTED THEIR ADMINISTRATIVE REMEDIES, A PREREQUISITE TO FILING THIS CAUSE OF ACTION.**

Plaintiffs admit that their cause of action is governed by ERISA. It is the law of the Seventh Circuit that before a Plaintiff may file a lawsuit related to a policy governed by ERISA, the Plaintiff is required to first exhaust all of the Plaintiff's administrative remedies. *Orr v. Employees Benefits*, 786 F.3d 596 (7th Cir. 2015); *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647 (7th Cir. 1996).

Here, pursuant to the provisions of the "true and correct copy" of the "Group Life Insurance Certificate" for the policy at issue, attached to Plaintiffs' Complaint as *Exhibit A*, in order to exhaust their administrative remedies, Plaintiffs were first required to submit a claim to the Plan Administrator. Plaintiffs have not alleged that they ever submitted a claim to the Plan Administrator. If Plaintiffs' claim was denied, then to further exhaust their administrative remedies, within 60 days after receiving the denial, Plaintiffs were required to make a written request for appeal to the insurance company. In their Complaint, Plaintiffs have not alleged that they made a written request for appeal within 60 days.

Exhaustion of administrative remedies is a necessary element to establishing Plaintiffs' claim; if they did not exhaust their administrative remedies, Plaintiffs are not able to pursue this cause of action. Because Plaintiffs have failed to allege that they submitted a claim to the Plan

6

Administrator and appealed the denial of the claim within 60 days, Plaintiffs have failed to allege that they have exhausted their administrative remedies, and therefore, have failed to state a claim on which relief may be granted. As such, Plaintiffs' complaint must be dismissed.

### III. BECAUSE PLAINTIFFS HAVE FAILED TO ALLEGE FACTS ESTABLISHING THAT THEY EXHAUSTED THEIR ADMINISTRATIVE REMEDIES, THIS COURT LACKS SUBJECT MATTER JURISDICTION.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint if the court finds it lacks subject matter jurisdiction. *Fed R. Civ. P.* 12(b)(1). The plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Before this court can invoke subject matter jurisdiction over the ERISA matters raised in Plaintiffs' complaint, Plaintiffs were first required to exhaust their administrative remedies, as set forth above. Plaintiffs have failed to allege facts establishing that they have exhausted their administrative remedies. Therefore, this court lacks subject matter jurisdiction, and Counts I, II, and III of Plaintiffs' complaint must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1).

### CONCLUSION

For the reasons set forth herein, Counts I, II and III of Plaintiff's Complaint must be dismissed, with prejudice.

/s/ P.K. Johnson, V_____
P.K. JOHNSON, V #06229507
JOHNSON, JOHNSON & NOLAN
Attorney for Emmitt Tiner
11 S. High St.
Belleville, IL 62220
(618) 277-3600
pkjv@pkjohnsonlaw.com

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on July 10, 2018, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.

                    /s/ P.K. Johnson, V_____